TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00156-CR







Donald Ray Bible, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT OF McCULLOCH COUNTY


NO. 7669, HONORABLE RANDY YOUNG, JUDGE PRESIDING







A jury found appellant Donald Ray Bible guilty of driving while intoxicated. See Tex. Penal
Code Ann. § 49.04(a) (West Supp. 1998). The county court assessed punishment at incarceration for 180
days and a $500 fine, but suspended imposition of sentence and placed Bible on community supervision. 
We will affirm.

The information alleged that Bible, while intoxicated, drove a motor vehicle in a public
place, "to wit: FM 1311 MP 388." In his first point of error, Bible contends the State failed to prove that
the offense took place at the location alleged. 

Bible was driving north on Farm-to-Market Road 1311 in a pickup truck when he crossed
into the southbound lane and forced a game warden to leave the road to avoid a collision. The warden
turned and stopped Bible's truck, and Bible was subsequently arrested by a Department of Public Safety
trooper after failing field sobriety tests. The trooper testified that the mile marker closest to the spot where
Bible was stopped and arrested was number 388. The marker was located approximately two hundred
feet north of the scene of Bible's arrest.

Bible contends the evidence does not support the allegation that he was driving at milepost
388 because he never actually passed that point before being stopped. This contention is without merit. 
The purpose of the descriptive averment was to give Bible notice of the general location where the offense
took place so that he could prepare a defense. Keeping in mind that this was a rural area, evidence that
Bible was stopped while driving on Farm-to-Market Road 1311 within two hundred feet of mile marker
388 was sufficient to prove the allegation that the offense took place at "FM 1311 MP 388." See Jackson
v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin
v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981) (standard of proof). Point of error one is overruled.

In his second point of error, Bible contends the court's charge was defective because it did
not require the jury to find that he was driving at "FM 1311 MP 388" in order to convict. The application
paragraph, to which Bible objected, merely required a finding that appellant drove in a public place, "to
wit, a highway."

This point presents harmless error at most. The testimony with regard to the location of
the offense was undisputed, and we have already determined that the evidence is legally sufficient to prove
the offense took place at the alleged location. Absent any evidence that Bible was not driving at "FM 1311
MP 388," the error, if any, in the court's charge was not calculated to injure Bible's rights. See Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (opin. on reh'g) (test for reversible charge error). 
Point of error two is overruled.

The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: May 14, 1998

Do Not Publish



="#c0c0c0">

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00156-CR







Donald Ray Bible, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT OF McCULLOCH COUNTY


NO. 7669, HONORABLE RANDY YOUNG, JUDGE PRESIDING







A jury found appellant Donald Ray Bible guilty of driving while intoxicated. See Tex. Penal
Code Ann. § 49.04(a) (West Supp. 1998). The county court assessed punishment at incarceration for 180
days and a $500 fine, but suspended imposition of sentence and placed Bible on community supervision. 
We will affirm.

The information alleged that Bible, while intoxicated, drove a motor vehicle in a public
place, "to wit: FM 1311 MP 388." In his first point of error, Bible contends the State failed to prove that
the offense took place at the location alleged. 

Bible was driving north on Farm-to-Market Road 1311 in a pickup truck when he crossed
into the southbound lane and forced a game warden to leave the road to avoid a collision. The warden
turned and stopped Bible's truck, and Bible was subsequently arrested by a Department of Public Safety
trooper after failing field sobriety tests. The trooper testified that the mile marker closest to the spot where
Bible was stopped and arrested was number 388. The marker was located approximately two hundred
feet north of the scene of Bible's arrest.

Bible contends the evidence does not support the allegation that he was driving at milepost
388 because he never actually passed that point before being stopped. This contention is without merit. 
The purpose of the descriptive averment was to give Bible notice of the general location where the offense
took place so that he could prepare a defense. Keeping in mind that this was a rural area, evidence that
Bible was stopped while driving on Farm-to-Market Road 1311 within two hundred feet of mile marker
388 was sufficient to prove the allegation that the offense took place at "FM 1311 MP 388." See Jackson
v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin
v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981) (standard of proof). Point of error one is overruled.

In his second point of error, Bible contends the court's charge was defective because it did
not require the jury to find that he was driving at "FM 1311 MP 388" in order to convict. The application
paragraph, to which Bible objected, merely required a finding that appellant drove in a public place, "to
wit, a highway."

This point presents harmless error at most. The testimony with regard to the location of
the offense was undisputed, and we have already determined that the evidence is legally sufficient to prove
the offense took place at the alleged location. Absent any evidence that Bible was not driving at "FM 1311
MP 388," the error, if any, in the court's charge was not calculated to injure Bible's rights. See Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (opin. on reh'g) (test for reversible charge error). 
Point of error two is overruled.

The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed